IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JUSTIN HARLAN ARCHER,<br><br>  Defendants. | **TENTATIVE MEMORANDUM DECISION AND ORDER RE PRIOR CONVICTION OF CRIME OF VIOLENCE**<br><br>Case No.  2:14-cr-00334<br><br>Judge Clark Waddoups |

**The following is the court's tentative ruling which will be finalized after the parties are heard on oral argument and given an opportunity to respond to the evidence provided by the government in response to the court's order dated May 26, 2015 [Dkt. No. 44].**

Federal law prohibits a convicted felon from unlawfully possessing a firearm. When a person has at least two prior felony convictions of a crime of violence, the Sentencing Guidelines set the base offence level at 24.  Absent such prior convictions, the base offense level would be 12 subject to other applicable adjustments.  In this case, the defendant argues that the calculation of the base offense level in the Presentence Investigation Report erroneously concluded that his two prior convictions under a Utah statute that makes it a felony criminal offense to flee or elude a police officer were crimes of violence.  After hearing argument and carefully considering the issue, the court finds these convictions were "violent felonies" for the purposes of the Sentencing Guidelines and that 24 is the correct base offense level.

**I. Factual Background**

On December 16, 2014, Defendant Justin Harlan Archer pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office prepared a Presentence Investigation Report ("PSR") in anticipation of

sentencing. Using the United States Sentencing Guidelines ("USSG"), the PSR determined that Defendant had previously been convicted of two "violent felonies," described in paragraphs 25 and 27, raising his base offense level from 12 to 24. Both crimes were prosecuted under Utah Code § 41-6a-210, "Failure to Stop or Respond to the Command of Police," which provides:

> (1)(a) An operator who receives a visual or audible signal from a peace officer to bring the vehicle to a stop may not:
>
>> (i) operate the vehicle in willful or wanton disregard of the signal so as to interfere with or endanger the operation of any vehicle or person; or
>>
>> (ii) attempt to flee or elude a peace officer by vehicle or other means.
>
> (b) (i)  A person who violates Subsection (1)(a) is guilty of a felony of the third degree.

UTAH CODE ANN. § 41-6a-210 (LexisNexis 2012); UTAH CODE ANN. § 41-6a-210 (LexisNexis 2013). Mr. Archer objects to these two convictions being used as the basis to raise his base offense level, arguing that under Utah Code § 41-6a-210 an individual may be charged for fleeing a peace officer by "other means," which "would not necessarily qualify as a crime of violence" under 18 U.S.C.S. Appx. § 4B1.2. This Guideline provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The offense prohibited in Utah Code § 41-6a-210 does not include an element requiring physical force against the person of another, which excludes it from being a qualifying offense under subsection (1), nor is it one of the enumerated crimes of burglary, arson, or extortion listed in

2

subsection (2). Therefore, to be a qualifying offense the charge must fall under the residual clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another." Neither party contends that Utah Code § 41-6a-210 ought to be brought under any other portion of 18 U.S.C.S. Appx. §4B1.2.[1]

To determine whether an offense qualifies as a crime of violence under the residual clause, courts generally apply the categorical approach, under which a court may only look at the statutory elements of the offense and consider the potential danger of that offense. In a rare case, courts may apply the modified categorical approach, under which a court may review a limited number of documents in its determination. Under the modified approach, Mr. Archer's prior convictions qualify as "violent felonies."

**II. Modified Approach**

Mr. Archer argues that a conviction under Utah Code § 41-6a-210 should not be determined to be a "violent felony" because the statute "allows for a conviction even when the suspect does not flee in a vehicle." Def.'s Sentencing Mem. 8. Mr. Archer observes that eluding a police officer by parking the car immediately and fleeing on foot does not create the requisite risk to be considered a "violent felony" because it is different in nature than fleeing in a vehicle. *Id*. at 9. Such conduct, however, could be charged as a felony under Utah Code § 41-6a-210. Accordingly, fleeing in a vehicle and fleeing on foot should not both qualify as "violent felonies" under 18 U.S.C.S. Appx. § 4B1.2. *Id*. Mr. Archer essentially makes an argument that Utah Code § 41-6a-210 requires a modified categorical approach.

   *A) Divisibility*

As a requirement for applying the modified categorical approach, the court must first determine whether Utah Code § 41-6a-210 is divisible. Where there are several alternatives with differing levels of risk involved, the Supreme Court has called these statutes "divisible statutes." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (U.S. 2013) (defining a "divisible statute" as "[the] kind of statute [that] sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile.") (emphasis

---

[1] The Tenth Circuit has applied the Supreme Court's ACCA "violent felony" analysis in interpreting 4B1.2's definition of "crime of violence." *United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015).

original). *See also Shepard v. United States*, 544 U.S. 13, 16-17 (U.S. 2005) (distinguishing "generic burglary" from state laws that more broadly define burglary).

Utah Code § 41-6a-210 appears to meet the *Descamps* requirement. It allows for an individual to be charged for fleeing in a vehicle *or* by other means. The Tenth Circuit has held that fleeing in a vehicle is a violent felony, but has not addressed whether the Utah statute includes alternative elements that would not qualify as a crime of violence. The statute appears, however, to allow conviction by proof of an alternative element that would not require the use of a vehicle. Thus, like the Massachusetts law at issue in *Shepard,* it allows an alternative means of committing a felony for eluding officers and should be read as being divisible. The Court may proceed to review the prior convictions under the modified categorical approach.

*B) The Modified Categorical Approach allows the court to consider the Charging Documents.*

Under the modified categorical approach the court is allowed to consider a limited number of documents to "determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281. *See also Nijhawan v. Holder*, 557 U.S. 29, 35 (U.S. 2009) (explaining the modified categorical approach in the context of a Massachusetts law that allows for violent and nonviolent crimes in the same statute); *Taylor v. United States*, 495 U.S. 575, 602 (U.S. 1990) (allowing, in a narrow range of cases, courts to go beyond the mere conviction to see whether a jury was required to find all the elements of burglary); *United States v. Trent*, 767 F.3d 1046, 1048 (10th Cir. Okla. 2014) (holding "the general Oklahoma conspiracy statute is divisible and therefore subject to the modified categorical approach"); *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011) ("[i]f, in the ordinary case, a criminal statute proscribes conduct broader than that which would satisfy the ACCA's definition of a violent felony or serious drug offense, a federal court may then also look at the charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA.").

A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction. *Descamps*, 133 S. Ct. at 2293. To make this determination, the court is limited to "examining the statutory definition, charging

4

document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16. This court may examine only these documents to determine whether Defendant was charged for fleeing in a vehicle or for fleeing by other means.

   *C) Paragraph 25*

On March 8, 2012 Mr. Archer was arrested for *inter alia*, violating Utah Code § 41-6a-210. The court must look to the charging documents to determine under which alternative of Utah Code § 41-6a-210 he was charged. The written plea agreement, signed on May 2, 2012, states Mr. Archer "after being given an audible signal to stop, attempted to flee in a car." Statement of Defendant in Support of Guilty Plea and Certificate of Counsel, Third District Court- Salt Lake, Salt lake City, UT; Docket No.: 121902551. Based on the signed plea agreement, it is manifest that Mr. Archer was charged in this instance for fleeing in a vehicle.

   *D) Paragraph 27*

On July 31, 2013, Mr. Archer was again arrested for *inter alia*, violating Utah Code § 41-6a-210. The written plea agreement, signed on January 27, 2014, states "[i]n [Salt Lake] County, I was operating a motor vehicle when officers signalled [sic] me to stop. I Ignored [sic] Thir [sic] signal and fled from officers." Statement of Defendant in Support of Guilty Plea and Certificate of Counsel, Third District Court- Salt Lake, Salt lake City, UT; Docket No.: 131907601. In addition to considering the written plea agreement, *Shepard* allows for this court to look at the plea colloquy. *Shepard*, 544 U.S. at 16. During the plea colloquy, the Judge and Mr. Archer had following colloquy:

> Judge Benards-Goodman: Could I have a factual basis [of the violation of Utah Code § 41-6a-210] please?
>
> Defense Attorney: July 31st of last year, in Salt Lake County, Mr. Archer was operating a motor vehicle. Officers spotted him and wanted to speak with him. They signaled him to stop. He did not stop; instead fled from the officers.
>
> Judge Benards-Goodman: Umm. Alright. So Mr. Archer, you heard the description. Is that an accurate description as to what occurred?
>
> Mr. Archer: Yes, your honor.

>Judge Benards-Goodman: Alright sir, to the charge of failing to stop or respond at the command of a law officer, as a third degree felony, how do you plead?
>
>Mr. Archer: Guilty, your Honor.

Based on the court's review of the signed plea agreements and the plea colloquy, it is clear that Mr. Archer was charged for vehicular flight in the offenses listed in the PSR Paragraphs 25 and 27.

### III. Categorical Approach

Having determined that Mr. Archer was charged under Utah Code § 41-6a-210 for fleeing in a vehicle, the only remaining question is whether such an offense is a crime of violence. The Supreme Court has addressed vehicular flight and have found that vehicular flight, categorically, is a "violent felony." *See Sykes v. United States*, 131 S. Ct. 2267 (U.S. 2011). In that case the Court, after discussing the "serious and substantial risks" that are inherent in vehicular flight and statistically comparing the dangers of vehicular flight to the crimes of burglary and arson, concluded "[f]elony vehicle flight is a violent felony." *Id*. at 2270-77.

The Tenth Circuit has specifically addressed Utah Code § 41-6a-210 on two separate occasions, and in each instance it determined that a violation thereof constitutes a "crime of violence" for the purposes of sentencing. *United States v. West*, 550 F.3d 952, 963 (10th Cir. Utah 2008); *United States v. Wise*, 597 F.3d 1141, 1146-48 (10th Cir. Utah 2010). In *West,* the Court held both sections of Utah Code § 41-6a-210 qualify as violent felonies because "a Utah conviction under Utah Code § 41-6a-210(1)(a) for failing to stop at an officer's command, in the ordinary case, presents a serious potential risk of physical injury to another." 550 F.3d at 963. Shortly after *West*, the Court again addressed Utah Code § 41-6a-210 in *Wise*, stating that failing to stop at the command of a police officer "was categorically a conviction for a crime of violence." *Wise*, 597 F.3d at 1146-48 ("Each of the two subsections of Utah Code § 41-6a-210 sets out a crime of violence."). Moreover, after the *Sykes* decision, the Tenth Circuit interpretation of Utah Code § 41-6a-210 has been upheld by Tenth Circuit District Courts. *See, e.g.*, *United States v. Thomas*, 643 F.3d 802, 806 (10th Cir. Kan. 2011) ("We note that our

decision[] in . . . *Wise* . . . (Utah offense of failure to obey police command to stop is a crime of violence), remain[s] good law."); *United States v. Patton*, 447 Fed. Appx. 916, 918 (10th Cir. Kan. 2012) (holding that Utah Code § 41-6a-210 is a crime of violence).

Mr. Archer's prior convictions under Utah Code § 41-6a-210 qualify as violent felonies for the purposes of sentencing under the USSG and the correct base offense level is 24.

### IV. Defendant's "Void for Vagueness" Argument

Mr. Archer alternatively argues that the residual clause of § 4B1.2(a)(2) is void for vagueness. Defendant espouses the argument of Justice Scalia, claiming that courts' "ever changing interpretation of the residual clause" will "keep defendants and judges guessing for years to come." Def.'s Sentencing Mem. 8-9 (quoting *Sykes v. United States*, 131 S. Ct. 2267, 2287 (U.S. 2011) (Scalia, J., dissenting)).

Notwithstanding Justice Scalia's dissent, the vagueness argument also fails. The Supreme Court has addressed the residual clause several times in the last decade, and has yet to hold this section to be unconstitutionally vague. *See, e.g.*, *Sykes v. United States*, 131 S. Ct. 2267 (U.S. 2011); *Chambers v. United States*, 555 U.S. 122 (U.S. 2009); *Begay v. United States*, 553 U.S. 137, 143 (U.S. 2008). Further, the Tenth Circuit has addressed numerous cases involving the residual clause, and has never held that it is void for vagueness. *See, e.g.*, *United States v. Wray*, 776 F.3d 1182 (10th Cir. Colo. 2015); *United States v. Sandoval*, 696 F.3d 1011 (10th Cir. Colo. 2012); *United States v. Wise*, 597 F.3d 1141 (10th Cir. Utah 2010); *United States v. West*, 550 F.3d 952 (10th Cir. Utah 2008).

DATED this 4th day of June, 2015

_____
Clark Waddoups
United States District Judge